UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES M. BINGHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RAYTHEON TECHNICAL SERVICES CO., )<br>LLC, )<br>)<br>Defendant. ) | No. 1:13-cv-00211-TWP-DKL |

## ENTRY ON MOTIONS *IN LIMINE*

This matter is before the Court on Motions *in Limine* filed by Plaintiff Charles Bingham ("Mr. Bingham") (Filing No. 53), and Defendant Raytheon Technical Services Co., LLC ("Raytheon") (Filing No. 76). The Court will address each motion *in limine* in turn, and will address additional facts relevant to each motion as needed.

## I.  BACKGROUND

The facts of this case are set forth in detail in the Court's Entry on Raytheon's Motion for Summary Judgment. (Filing No. 63). In short, Mr. Bingham contends that Raytheon terminated him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Raytheon terminated Mr. Bingham in February 2012, at the age of sixty-three and after more than thirty years of employment with the company.

## II.  LEGAL STANDARD

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until

trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

### III. DISCUSSION

#### A. Mr. Bingham's Motion *in Limine* ([Filing No. 53](#))

Mr. Bingham asks the Court to exclude any reference to potential attorney's fees and costs, and any statement or suggestion that a finding for Mr. Bingham or an award of damages would entitle him to recover attorney's fees and/or costs from Raytheon. Raytheon agrees not to ask how Mr. Bingham's counsel are being compensated; however, they request that the jury be instructed that his attorneys' fees are not to be included in any damages award, as it is a matter for the Court to address in the event the jury rules in favor of Mr. Bingham. The Court agrees that reference to attorneys' fees would be properly included in the jury instruction on damages, and therefore **GRANTS in part** and **DENIES in part** Mr. Bingham's motion.

#### B. Raytheon's Motion *in Limine* ([Filing No. 76](#))

Raytheon asks the Court to exclude evidence on nine subjects: "me-too" evidence; hiring or discharge of employees by non-decision makers; Raytheon's college hiring program; hearsay statements and statements not based upon personal knowledge; coworkers' opinions of Mr. Bingham's job performance and Raytheon's decision to terminate him; claims that Raytheon falsely represented layoff procedures to the EEOC; Raytheon's failure to conduct a disparate impact analysis; Raytheon's affirmative action obligations; Mr. and/or Mrs. Bingham's past or current medical conditions.

2

1. **"Me-too" evidence of discrimination**

Raytheon asks the Court to exclude testimony from past Raytheon employees who believe, or have filed lawsuits claiming, that they were subjected to age discrimination. Raytheon anticipates that witnesses Terry Dean, Tom Hartman, Bill Heck, Daniel Shaffer, and Randy Thompson will provide this testimony, and asserts that none of the individuals who decided to discharge Mr. Bingham were involved in the termination of any of these employees. Mr. Bingham inexplicably responds that this is inappropriate for a motion *in limine*, which is not the case. Nevertheless, as the Supreme Court has stated, "[t]he question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The Court must make "a fact-intensive, context-specific inquiry" in applying Federal Rule of Evidence 403 to determine if the evidence is relevant or prejudicial, and such determination must be made at trial. *Id.* Therefore, Raytheon's motion *in limine* as to this evidence is **DENIED**.

2. **Evidence regarding hiring or discharge of employees by non-decision makers**

Raytheon seeks to exclude testimony regarding Raytheon's hiring and discharge of other logistics engineers. Mr. Bingham argues that he seeks to introduce this evidence for the purpose of showing that Raytheon was actively recruiting and hiring additional, younger logistics engineers, as well as that Raytheon had a pattern of disproportionately terminating older logistics engineers in order to make room for younger employees. Because the decision to set the goals for the hiring of recent college graduates were goals of the entire Engineering Logistics Directorate, evidence of the hiring of younger, "fresh out" engineers and termination of older engineers could possibly be relevant to Mr. Bingham's claim under the theory that the direct decision makers were

3

complying with the orders of their superiors. *See Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1155 (7th Cir. 1989). However, as with the "me too" evidence, this is a fact- and context-specific inquiry that must be made at trial. Therefore, Raytheon's motion on this evidence is **DENIED**.

   3. **Raytheon's college hiring program**

Raytheon asks the Court to exclude evidence of its college hiring program because it argues that no college hire took Mr. Bingham's position, thus the evidence is irrelevant. This is an issue of weight the fact-finder should give to this evidence, not of its relevancy and admissibility. Evidence regarding the college hiring program is also relevant to Raytheon's RIF procedures, under which college hires are exempt from RIFs for the first year of employment. Therefore, the Court **DENIES** Raytheon's motion with respect to this evidence.

   4. **Hearsay statements and statements not based upon personal knowledge**

Raytheon anticipates that Mr. Bingham may attempt to illicit testimony or introduce documents that constitute inadmissible hearsay. Federal Rule of Evidence 802 prohibits the admission of hearsay, and Rule 602 requires that a witness have personal knowledge of the matter on which he is testifying. These objections are more properly dealt with at trial than in a motion *in limine*. Therefore, Raytheon's motion as to this evidence is **DENIED**.

   5. **Co-workers' opinions of Mr. Bingham's job performance**

Raytheon asks the Court to exclude testimony of current and former non-supervisory Raytheon employees regarding the adequacy of his job performance and skills. Mr. Bingham asserts that he does not intend to introduce evidence about his job performance. "Our cases . . . give little weight to statements by supervisors or co-workers that generally corroborate a plaintiff's own perception of satisfactory job performance." *Dey v. Colt Const. & Dev. Co.*, 28 F.3d 1446, 1460 (7th Cir. 1994). Because Mr. Bingham's job performance is not at issue in this case, evidence

regarding satisfactory job performance is not relevant and is therefore inadmissible under Rule 402. However, he argues that his skills and qualifications are relevant to the issue of what other work he could or could not perform. With respect to the evidence of Mr. Bingham's qualifications and skills, this evidence is relevant to his claim that he could have performed other jobs within his division. Thus, the Court finds that this evidence is admissible. Raytheon's motion as to this evidence is therefore **GRANTED in part** and **DENIED in part**.

6. **Claims that Raytheon falsely represented to the EEOC that Bingham's layoff was approved by a Long Service Review Committee**

Raytheon seeks to exclude testimony and evidence that Raytheon misrepresented to the EEOC that Mr. Bingham's termination had been approved by the Long Service Review Committee. Mr. Bingham bases the relevancy of this evidence on the "implication" that Raytheon represented to the EEOC that it followed all of the guidelines in its RIF Process documentation, not that such a representation was explicitly made to the EEOC. There are several provisions in the RIF Process document ([Filing No. 48-9](#)) that were inapplicable to Mr. Bingham's termination, such as the Worker Adjustment Retraining and Notification Act ("WARN") provisions that are only applicable to plant closings and mass layoffs, as well as the process of developing a media plan. More importantly, though, Mr. Bingham does not cite to any documents submitted to the EEOC that states that termination must be approved by the Long Service Review Committee, nor any documentation that explicitly states that Raytheon made such a representation to the EEOC. Mr. Bingham does not show that there is a basis in fact for the proposed evidence and testimony, and therefore it is inadmissible under Rule 403 because its probative value is outweighed by the risk of confusion of the issues and misleading the jury. Raytheon's motion on this evidence is **GRANTED**.

**7. Failure to conduct a disparate impact analysis**

Raytheon asks the Court to exclude testimony that it was required, but failed, to conduct a disparate impact analysis for his RIF. As with the previously discussed proposed evidence regarding the Long Service Review Committee, Mr. Bingham cites to no documentation showing that this was required in his situation, nor to any documentation showing that Raytheon explicitly made such a representation to the EEOC. Again, reliance upon speculation that Raytheon provided inaccurate information to the EEOC renders such evidence inadmissible under Rule 403. As such, Raytheon's motion regarding this evidence is **GRANTED**.

**8. Raytheon's affirmative action obligations**

Raytheon requests that the Court exclude reference to its affirmative action obligations or suggestion that Raytheon failed to comply with such obligation. Affirmative action obligations do not apply to age, so references to Raytheon's affirmative action program are irrelevant to Mr. Bingham's claim. Mr. Bingham argues that the Federal statute requiring job preference for Viet Nam veterans indirectly implies a preference for older employees, and the fact that Raytheon elected not to follow the statute is indicative of "corporate hostility" with respect to older employees. Mr. Bingham is conflating the concepts of age and military status. Allowing Mr. Bingham to present evidence regarding Raytheon's otherwise lawful business decision to not follow the Federal statute runs the risk of creating unfair prejudice, confusing the issues, and misleading the jury, and is therefore inadmissible under Rule 403. Raytheon's motion with respect to evidence relating to affirmative action and military status preference is **GRANTED**.

**9. Mr. and Mr. Bingham's past or current medical conditions**

Finally, Raytheon seeks to exclude evidence or testimony about Mr. Bingham's or his wife's health and medical treatment. Testimony regarding Mr. and Mrs. Bingham's medical

conditions is irrelevant to the determination of liability for ADEA violations, and would only be for the purpose of garnering sympathy from the jury. *See Mayoza v. Heinold Commodities, Inc.*, 871 F.2d 672, 677 (7th Cir. 1989). In addition, such evidence may "necessitate[e] more time-consuming corroborative proof that the [medical] condition[s] in fact existed." *Id.* Evidence of the Binghams' medical conditions is properly excluded under Rules 401, 402, and 403. However, the costs of insurance fringe benefits (not the underlying medical conditions being treated) would be relevant to the determination of damages. Because Raytheon requested that evidence of the medical conditions and treatment be excluded, the Court **GRANTS** the motion relating to this evidence.

## IV. CONCLUSION

For the reasons set forth below, Mr. Bingham's motion *in limine* ([Filing No. 53](#)) is **GRANTED in part** and **DENIED in part**. Raytheon's motion *in limine* ([Filing No. 76](#)) is **GRANTED in part** and **DENIED in part**. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 11/21/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Amanda C. Couture
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
amanda.couture@ogletreedeakins.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com