# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES M. BINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-00211-TWP-DKL |
| | ) |
| RAYTHEON TECHNICAL SERVICES CO., LLC, | ) ) ) |
| | ) |
| Defendant. | |

## **ENTRY ON MOTION TO RECONSIDER**

This matter is before the Court on a Motion to Reconsider or, Alternatively, for Evidentiary Hearing Outside the Presence of the Jury filed by Defendant Raytheon Technical Services Co., LLC ("Raytheon"). ([Filing No. 94](#)). The Court previously ruled on Raytheon's Motions *in Limine*, in part denying Raytheon's motion to exclude "me too" evidence from other Raytheon employees who had been terminated and evidence relating to hiring and discharge decisions, including college hires, made by non-decision makers. ([Filing No. 90](#)). Raytheon asks the Court to reconsider this ruling and exclude the evidence prior to the trial, or, in the alternative, hold an evidentiary hearing regarding the proposed witnesses' testimony to determine its admissibility.

Contrary to Raytheon's assertion, denial of a motion *in limine* does not necessarily allow the challenged testimony into evidence. A ruling on a motion *in limine* is not a final ruling on the admissibility of evidence which is the subject of the motion. *Moore v. Gen. Motors Corp., Delco Remy Div.*, 684 F. Supp. 220, 220 (S.D. Ind. 1988). A motion *in limine* is merely speculative in effect, and "a district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-2 (1984).

At the final pretrial conference, Mr. Bingham stated that he does not intend to call Terry Dean, Daniel Shaffer or Randy Thompson as witnesses and he does not intend to elicit testimony from Tom Hartman or Bill Heck regarding their respective terminations. Despite Mr. Bingham's counsels' assurance that they did not plan to ask Mr. Hartman or Mr. Heck about their discharges or the discharges of other employees, Raytheon still asserts that Bingham has not stated whether he intends to ask Heck or Hartman about their terminations "in light of the Court's ruling on the motion *in limine.*" ([Filing No. 94](Filing No. 94)). Because Bingham's counsel does not intend to offer "me too" or evidence about the discharge of the listed witnesses or others, the Court will reconsider and **GRANT** the motion *in limine* in this regard.

With respect to evidence regarding the college hire program as it relates to the RIF program and Mr. Bingham's theory that some direct decision makers were complying with the orders of their superiors, the Court maintains that the admissibility of such evidence is fact sensitive. To reiterate, "The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose." *United States v. Dill*, No. 1:11-CR-00026-TWP, 2011 WL 6042387, at *1 (S.D. Ind. Dec. 3, 2011) (citing *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 3)). Because the remaining challenged evidence is not inadmissible under all factual circumstances, it would be inappropriate to grant the motion *in limine* to exclude all of the proposed testimony in this area. The motion to reconsider the ruling on the motion *in limine* on these points is **DENIED**.

The Court will grant Raytheon's request for a hearing outside of the presence of the jury, to clarify the proposed testimony of Mr. Hartman and Mr. Heck and make a determination as to whether the challenged portions of their testimony would be inadmissible under Fed. R. Evid. 401 or 403. Thus, the Court **GRANTS** Raytheon's motion for an evidentiary hearing.

For the reasons set forth above, Raytheon's Motion to Reconsider is **GRANTED** in part and **DENIED** in part. The motion for an evidentiary hearing is **GRANTED**. (Filing No. 94). It appears that Mr. Hartman and Mr. Beck are the only remaining witnesses likely to offer challenged testimony. If Mr. Bingham intends to offer the challenged testimony, he should advise the Court so that a hearing can be held prior to the testimony of the witness.

SO ORDERED.

Date: 12/2/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Amanda C. Couture
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
amanda.couture@ogletreedeakins.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com